IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:12-CR-084 |
| | ) | |
| JAMES MICHAEL HENDRICK | ) | |

## MEMORANDUM AND ORDER

Having pled guilty to being a felon in possession of a firearm, the defendant is set for sentencing on August 29, 2013. His presentence report ("PSR") sets a base offense level of 24 pursuant to advisory guideline section 2K2.1(a)(2) because "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." *See* U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2012).

The defendant objects that section 2K2.1(a)(2) does not apply to him because he only has one predicate conviction rather than two, and that his base offense level should therefore instead be 22. Without citation to relevant case law or any other pertinent authority, the objection states in material part that the defendant "has directed counsel to contest the classification of the burglary . . . as being a violent crime in that the burglary was reduced and reclassified under the Tennessee Statute of being nonviolent and involving a commercial building."

The prior conviction at issue is presently found at paragraph 37 of the PSR. The defendant was sentenced on August 2, 2001, in the Criminal Court of Hamblen County,

Tennessee, to a term of imprisonment of two years and one day. The defendant does not challenge the PSR's summary of the underlying conduct, which reads in full: "On or about November 25, 2000, James Hendrick entered The Old Store without the owner's permission and stole pool cues, pool cue cases, and dart sets." The defendant was charged with, and pled guilty to, violating section 39-14-402(a)(3) of the Tennessee Code, under which "[a] person commits burglary who, without the effective consent of the property owner . . . [e]nters a building and commits or attempts to commit a felony, theft or assault . . . ."

The meaning of the defendant's argument that "the burglary was reduced and reclassified" is unclear, but under any interpretation the argument is without merit. If the defendant is referring to his specific state charges, documentation provided by the probation office shows that the defendant pled guilty as charged. Thus, his charges were not "reduced or reclassified." Alternatively, if the defendant is referring to the state statute itself, the current version of section 39-14-402(a)(3) is identical to the version that was in place when he violated it on November 25, 2000. The state law has not been "reduced or reclassified." *Compare* Tenn. Code Ann. §39-14-402(a)(3) (2013) *with* Tenn. Code Ann. § 39-14-402(a)(3) (2000).

The defendant's argument that the burglary was "nonviolent and involving a commercial building" fares no better. Under guideline section 2K2.1(a)(2), the term "crime of violence" has the same meaning as it does under the guidelines' Career Offender provision, section 4B1.2(a). *See* U.S. Sentencing Guidelines Manual § 2K2.1 cmt. n.1

2

(2012).  For Career Offender purposes,

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S. Sentencing Guidelines Manual § 4B1.2(a) (2012).  In the present case, for the defendant's violation of Tennessee Code section 39-14-402(a)(3) to constitute a "crime of violence," one of three tests must be satisfied:

> 1. The crime must meet the generic definition of "burglary of a dwelling";
>
> 2. The crime must have as an element the use, attempted use, or threatened use of physical force against another; or
>
> 3. The crime must present a serious potential risk of physical injury to another.

*United States v. McFalls*, 592 F.3d 707, 712 (6th Cir. 2010).

This Career Offender definition "closely tracks" the definition of "violent felony" found in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *See James v. United States*, 550 U.S. 192, 206 (2007).  The Sixth Circuit has recently held that a conviction under Tennessee Code section 39-14-402(a)(3) is an ACCA "violent felony" because the crime of commercial burglary presents a serious potential risk of injury to another. *See United States v. Brown*, No. 12-5357, 2013 WL 675333, at *3 (6th Cir. Feb. 26, 2013).  For the same reason that the present defendant's state conviction would satisfy the

3

ACCA, it also satisfies the Career Offender definition and, in turn, guideline section 2K2.1(a)(2). *See James*, 550 U.S. at 206.

Therefore, the defendant's PSR correctly applies advisory guideline section 2K2.1(a)(2) based on his violation of section 39-14-402(a)(3) of the Tennessee Code. The defendant's objection to his PSR is **OVERRULED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge