UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:12-CR-84-002 |
| | ) JUDGE JORDAN |
| JAMES MICHAEL HENDRICK | ) |

### AGREED ORDER OF REVOCATION

A Petition for Revocation of Supervised Release has been filed against the defendant, James Michael Hendrick, and the defendant admits that he has violated the conditions of his supervised release as specified in violation numbers 1-10 in the Second Amended Petition.[1] (Doc. 89). An agreement has been reached between the parties, recommending that Mr. Hendrick's supervised release should be revoked and that he should receive a sentence of 20 months imprisonment with no further supervision to follow.

Mr. Hendrick agrees to waive his right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive his right to allocute at a revocation hearing, and asks that the agreement of the defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence. In doing so, the defendant acknowledges that he is giving up the following rights:

(1) The right to the assistance of counsel for his defense.

(2) The right to see and hear all the witnesses and have them cross-examined in his defense.

(3) The right on his own part not to testify unless he chose to do so in his defense, and

(4) The right to the issuance of subpoenas to compel the attendance of witnesses to testify on his behalf.

---

[1] The parties further agree a resolution of the supervised release case resolves all known non-tax violations of the law in the Eastern District of Tennessee at this time.

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above constitute Grade B and C violations for which an advisory guideline range of eight (8) to 14 months would apply given his Criminal History Category III. The Court has considered this advisory guideline range. The Court has also considered the statutory maximum of 24 months imprisonment. The Court has also considered the factors listed in 18 U.S.C. § 3553(a).

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a), while taking into consideration all of those factors and the Chapter Seven policy statements. Specifically, the Court finds that the defendant has admitted that the proof could establish by a preponderance of the evidence that he committed the violations as specified in violation numbers 1-10 in the Second Amended Petition.

IT IS HEREBY ORDERED, therefore, that the defendant's supervised release is hereby revoked. The defendant is hereby sentenced to 20 months imprisonment with no further supervision to follow.

*The Honorable R. Leon Jordan*
United States District Judge

APPROVED FOR ENTRY:

J. Gregory Bowman
Assistant U.S. Attorney

Amber D. Wilson   1/13/22
U.S. Probation Officer

James Michael Hendrick
Defendant

Cameron C. Kuhlman
Attorney for Defendant

2